UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STANLEY K. IVEY,                           Case No. 1:13-cv-914
        Petitioner,


                                           Black, J.
    vs                                     Litkovitz, M.J.


WARDEN, HOCKING                            **ORDER AND REPORT**
CORRECTIONAL FACILITY,                     **AND RECOMMENDATION**
        Respondent.


        In this *pro se* habeas corpus action brought pursuant to 28 U.S.C. § 2254, the respondent

responded to the petition filed in December 2013 by filing a motion to dismiss on the ground that

the petition is a "mixed" petition containing both exhausted and unexhausted claims for relief.

(Doc. 13).   Respondent contended in the motion that petitioner's ineffective-assistance-of-

counsel claim, which is alleged in Ground Three of the petition, is unexhausted because the

claim is based on evidence outside the record and thus was not fairly presented to the state

courts. (*See id.*).   Respondent further argued that the petition is subject to dismissal without

prejudice on exhaustion grounds because the remedy of a petition for state post-conviction relief

arguably remains available to petitioner for pursuing state-court review of the ineffective-

assistance-of-counsel claim. (*See id.*).   On November 12, 2014, the undersigned issued a Report

and Recommendation to deny the motion to dismiss "subject to reconsideration in the event that

petitioner informs the Court in writing within thirty (30) days . . . that the ineffective-assistance-

of-counsel claim alleged in Ground Three is based on evidence outside the record and yet does

not elect to withdraw that claim in order to proceed to judgment on the remaining [exhausted]

grounds for relief alleged in the petition." (Doc. 14, p. 14, at PAGEID#: 187) (emphasis in

original omitted).

On December 9, 2014, while the November 12, 2014 Report and Recommendation was pending before the District Court for ruling, petitioner filed a motion requesting an "evidentiary hearing" and that "discovery be allowed to obtain critical medical records," which petitioner claimed would "result in his exoneration and a finding that, but for counsel['s] ineffective assistance, Petitioner would have been found not guilty by a jury." (Doc. 16). Respondent responded to petitioner's motion by filing a renewed motion to dismiss on December 12, 2014. (Doc. 18). Respondent contended in that pleading that petitioner "failed to heed this Court's Report and Recommendation" within the requisite 30-day period and that by filing the motion for an evidentiary hearing and further discovery, petitioner has indicated that he has not withdrawn the ineffective-assistance-of-counsel claim alleged in Ground Three and that such claim is based on evidence outside the record. (*See id.*). Thereafter, on December 29, 2014, petitioner filed another motion requesting a 90-day extension of time "in order to contact various hospitals and obtain medical records that will prove ineffective-assistance of counsel." (Doc. 19).

On February 3, 2015, the District Court adopted the undersigned's November 12, 2014 Report and Recommendation to deny the respondent's original motion to dismiss, which had not been objected to by either party. (Doc. 20). However, in so ruling, the Court made it clear that the decision "does *not* constitute a ruling on Respondent's renewed motion to dismiss (Doc. 18)," which was construed "as a motion for reconsideration in accordance with the Magistrate Judge's Report and Recommendation adopted herein." (Doc. 20, p. 2, at PAGEID#: 255). The Court then referred respondent's motion construed as a motion for reconsideration (Doc. 18) to the undersigned "for Report and Recommendation in light of the Petitioner's motion for an

evidentiary hearing and expert medical testimony (Doc. 16)." (*Id.*).

In accordance with the District Court's February 3, 2015 referral order, this matter is now before the undersigned for Report and Recommendation on the respondent's renewed motion to dismiss (Doc. 18), which is construed as a motion for reconsideration in light of petitioner's pleadings filed after the November 12, 2014 Report and Recommendation was issued. Also pending before the undersigned for ruling are petitioner's "Motion And Request For Evidentiary Hearing And Expert Medical Testimony" and subsequent motion requesting a 90-day extension "in order to contact various hospitals and obtain medical records that will prove ineffective-assistance of counsel." (Docs. 16, 19).

**1. Petitioner's Motions (Docs. 16, 19) are Denied**.

As respondent has suggested in the renewed motion to dismiss (*see* Doc. 18), in his "Motion And Request For Evidentiary Hearing And Expert Medical Testimony" and motion requesting a 90-day extension so that he may obtain "medical records that will prove ineffective-assistance of counsel" (Docs. 16, 19), plaintiff essentially requests that the record be expanded to include evidence that was not part of the state-court record in order to demonstrate he is entitled to relief based on the ineffective-assistance-of-counsel claim alleged in Ground Three of the petition. However, the Court is prohibited by *Cullen v. Pinholster*, __ U.S. __, 131 S.Ct. 1388 (2011), from considering any new evidence in reviewing the state court's adjudication of petitioner's claim. Moreover, most importantly, the undersigned made it clear in the November 12, 2014 Report and Recommendation that to the extent the claim alleged in Ground Three is based on evidence outside the state-court record, such claim is unexhausted and not subject to habeas review at this time, but rather triggers concern that the petition is subject to dismissal as a "mixed" petition containing both exhausted and unexhausted grounds for relief. (*See* Doc. 14,

3

pp. 10-13, at PAGEID#: 183-86).

Accordingly, the undersigned concludes that neither an evidentiary hearing nor further discovery is warranted because this Court's review of petitioner's ineffective-assistance-of-counsel claim is limited to the record that was before the state courts. *Cf. Brenson v. Warden, Toledo Corr. Inst.,* No. 2:11cv1146, 2014 WL 897891, at *8-9 (S.D. Ohio Mar. 6, 2014) (Kemp, M.J.) (and cases cited therein), *adopted,* 2014 WL 1818237, at *2-3 (S.D. Ohio  May 6, 2014) (Sargus, J.) (and cases cited therein); *see also Blevins v. Warden, Ross Corr. Inst.,* No. 1:05cv38, 2011 WL 6141062, at *3-4 (S.D. Ohio Dec. 9, 2011) (Merz, M.J.) ("There cannot be good cause to collect evidence which cannot be presented.").   Therefore, petitioner's motions (Docs. 16, 19) are **DENIED**.

**2.  Respondent's Renewed Motion To Dismiss (Doc. 18) Should Be Denied.**

In the renewed motion to dismiss (Doc. 18), respondent contends that in accordance with the November 12, 2014 Report and Recommendation that was adopted by the District Court on February 3, 2015 (*see* Doc. 14, p. 14, at PAGEID#: 187; *see also* Doc. 20), the decision to deny the motion to dismiss is "subject to reconsideration" in light of petitioner's motions discussed above, which were filed after the Report and Recommendation was issued.  It is respondent's position that petitioner's motions amount to a written statement informing the Court that the ineffective-assistance-of-counsel claim alleged in Ground Three is based on evidence outside the record and also demonstrate that petitioner has not elected to withdraw the claim.  Certainly, as respondent has argued, petitioner's motions do indicate that he would like to include additional evidence outside the record as support for his ineffective-assistance-of-counsel claim.  However, it is not clear that petitioner filed the motions in response to the November 12, 2014 Report and Recommendation in order to inform the Court that his claim is based on evidence outside the

4

record.  Most importantly, it is not clear that petitioner understood in seeking to expand the

record to include additional "outside" evidence to support his ineffective-assistance-of-counsel

claim that, as discussed in the Report and Recommendation, the claim could then be deemed

"unexhausted" and the entire petition subject to dismissal as a "mixed" petition, with the

prospect that any future habeas petition would likely be time-barred, unless he elects to withdraw

the claim and proceed to judgment on his exhausted grounds for relief.  (*See* Doc. 14, pp. 12-14,

at PAGEID#: 185-87).  The undersigned is especially concerned about petitioner's forfeiting the

opportunity to obtain federal habeas review of his exhausted claims without a clear

understanding of how the motions could be construed given that, as also discussed in the Report

and Recommendation, "it is highly likely that petitioner's pursuit of state post-conviction relief

will prove futile at this late juncture." (*See id.*, p. 13, at PAGEID#: 186).

Accordingly, in light of those concerns, the undersigned finds that petitioner's motions

requesting an evidentiary hearing, further discovery and an extension of time to obtain medical

records that would support his ineffective-assistance-of-counsel claim should not be construed as

a response to the November 12, 2014 Report and Recommendation that requires reconsideration

of the decision to deny respondent's motion to dismiss on exhaustion grounds.  It is, therefore,

**RECOMMENDED** that respondent's renewed motion to dismiss (Doc. 18) be **DENIED**.  Given

the confusion that has arisen and that petitioner has exhibited in the wake of the November 12,

2014 Report and Recommendation, this Court's denial of respondent's motion to dismiss on

exhaustion grounds should stand unless petitioner clearly and expressly requests in a written

pleading filed with the Court that he would like to withdraw the petition in order to pursue

further relief in the state courts on his ineffective-assistance-of counsel claim.  Petitioner is

hereby warned that if he does file such a pleading, and the request is granted, any subsequent

habeas petition that he files may be barred from review by the applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1).

## IT IS THEREFORE RECOMMENDED THAT:

Respondent's renewed motion to dismiss (Doc. 18) be **DENIED**.

## IT IS THEREFORE ORDERED THAT:

1. Petitioner's "Motion And Request For Evidentiary Hearing And Expert Medical Testimony" and motion requesting a 90-day extension "in order to contact various hospitals and obtain medical records that will prove ineffective-assistance of counsel" (Docs. 16, 19) are **DENIED**.

2. Respondent shall file a return of writ responding to the allegations of the petition in accordance with instructions set forth in this Court's Order issued February 28, 2014 (*see* Doc. 7) **within forty (40) days** of the date of filing of this Order and Report and Recommendation.

Before filing the return of writ, respondent shall file those portions of the state court record needed to adjudicate this case, accompanied by an index of the documents in the record. When the record is filed electronically, the Court's CM/ECF filing system will affix a unique PageID number to each page of the record, displayed in the upper right-hand corner of the page. All papers filed in the case thereafter, by either party, including the answer and the exhibit index, shall include record references to the PageID number. Prior to filing the state court record, the Warden's counsel shall ensure that any borders on parts of the record (typically, court reporter transcripts) do not obscure the PageID number when the page is filed.

As required by Fed. R. Civ. P. 5, a complete copy of the answer and state court record with the PageID numbers must be served on Petitioner at the time of filing.

Petitioner may, not later than twenty-one days after the answer is filed, file and serve a reply to the answer.

Date: _2/23/15_

Karen L. Litkovitz
United States Magistrate Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

STANLEY K. IVEY,
     Petitioner

    vs

WARDEN, HOCKING
CORRECTIONAL FACILITY,
     Respondent

Case No. 1:13-cv-914

Black, J.
Litkovitz, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc