UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STANLEY K. IVEY,
Petitioner,

vs.

WARDEN, HOCKING
CORRECTIONAL FACILITY,
Respondent.

Case No. 1:13-cv-914

Black, J.
Litkovitz, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

This *pro se* habeas corpus action brought pursuant to 28 U.S.C. § 2254 is before the Court on petitioner's motion for stay and abeyance, which was filed on March 20, 2015. (Doc. 24). Petitioner requests that the instant action be stayed "to permit the complete exhaustion of state remedies" while he acquires "medical records" and pursues state post-conviction relief. (*See id.*). Petitioner states that "[t]he stay and abeyance will serve to provide the evidence that the trial counsel w[as] ineffective [as alleged in Ground Three of the petition] and the event of a[n] accident." (*Id.*). It is **RECOMMENDED** that petitioner's motion (Doc. 24) be **DENIED**.

In a prior Report and Recommendation addressing respondent's motion to dismiss on exhaustion grounds, the undersigned concluded that "[p]etitioner has not made the requisite showing under *Rhines* [*v. Weber,* 544 U.S. 269 (2005),] to warrant a stay of the instant action" not only because petitioner's conclusory allegations were "insufficient to suggest his ineffective-assistance-of-counsel claim is potentially meritorious," but also because the record "does not support a finding of good cause for petitioner's failure to exhaust the arguably available state post-conviction remedy prior to filing" his federal habeas petition. (*See* Doc. 14, pp. 12-13, at PAGEID#: 185-86). The undersigned nevertheless recommended that respondent's motion to

dismiss be denied to allow petitioner the opportunity to withdraw any unexhausted claims and to proceed to judgment on his exhausted grounds of relief due to concerns that (1) the dismissal of petitioner's timely-filed "mixed" petition "may result in a statute-of-limitations bar to review of any subsequent petition filed by petitioner after he exhausts the state post-conviction remedy"; and (2) "it is highly likely that petitioner's pursuit of state post-conviction relief will prove futile at this late juncture." (*See id.*, pp. 13-14, at PAGEID#: 186-87). The undersigned's Report and Recommendation filed on November 12, 2014 was adopted by the District Court on February 3, 2015. (Doc. 20).

In a subsequent decision issued February 23, 2015, the undersigned denied motions filed by petitioner essentially requesting that the record be expanded to include evidence that was not part of the state-court record in order to demonstrate he is entitled to relief based on the ineffective-assistance-of-counsel claim alleged in Ground Three of the petition. (See Doc. 22, pp. 3-4, at PAGEID#: 275-76). In ruling that the Court's review of petitioner's ineffective-assistance-of-counsel claim is limited to the record that was before the state courts, the undersigned reasoned in pertinent part as follows:

> [T]he Court is prohibited by *Cullen v. Pinholster*, __ U.S. __, 131 S.Ct. 1388 (2011), from considering any new evidence in reviewing the state court's adjudication of petitioner's claim. Moreover, most importantly, the undersigned made it clear in the November 12, 2014 Report and Recommendation that to the extent the claim alleged in Ground Three is based on evidence outside the state-court record, such claim is unexhausted and not subject to habeas review at this time, but rather triggers concern that the petition is subject to dismissal as a "mixed" petition containing both exhausted and unexhausted grounds for relief. (*See* Doc. 14, pp. 10-13, at PAGEID#: 183-86).

(*Id.*). The undersigned further concluded that to the extent petitioner's motions indicated his ineffective-assistance-of-counsel claim is based on evidence outside the record and thus unexhausted, dismissal of the "mixed" petition on exhaustion grounds was still not warranted

"unless petitioner clearly and expressly requests in a written pleading filed with the Court that he would like to withdraw the petition in order to pursue further relief in the state courts on his ineffective-assistance-of-counsel claim." (*Id.*, pp. 4-5, at PAGEID#: 276-77). Most recently, on April 22, 2015, the undersigned issued another order in accordance with the February 23, 2015 Order directing the Clerk of Court to return to petitioner 43 pages of medical records from MRO Corporation, a medical records vendor for the University of Cincinnati Medical Center, which petitioner sought to have included in the record before this Court. (*See* Doc. 27).

Accordingly, in sum, as discussed and reiterated in prior decisions issued in this action, including Reports and Recommendations that have been adopted by the District Court, petitioner is permitted to proceed to judgment only on his exhausted grounds for relief that are based on the record before the state courts. (*See* Docs. 14, 20, 22, 23, 27). To the extent that petitioner would like to bring an ineffective-assistance-of-counsel claim based on evidence outside the record, the claim is unexhausted. However, as previously decided, the case may not be stayed while petitioner exhausts the claim in the state courts. Instead, the "mixed" petition containing an unexhausted claim is subject to dismissal without prejudice on exhaustion grounds.

Petitioner, therefore, has two options in this matter—he can either (1) proceed to judgment on his exhausted claims for relief to the extent that they are based on the state-court record, or (2) he can file a written pleading with this Court clearly and expressly requesting to withdraw the petition in order to pursue further relief in the state courts based on evidence outside the record in support of his ineffective-assistance-of counsel claim. As previously stated in prior decisions issued in this case, petitioner is warned that if he chooses to withdraw the petition to pursue state post-conviction relief based on additional evidence contained in his medical records, any subsequent habeas petition that he files may be barred from review by the

3

applicable one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). (*See* Doc. 14, p. 14, at PAGEID#: 187; Doc. 22, pp. 5-6, at PAGEID#: 277-78).

## IT IS THEREFORE RECOMMENDED THAT:

Petitioner's motion for stay and abeyance of the instant action so that he can acquire "medical records" and exhaust state post-conviction remedies (Doc. 24) be **DENIED**.

## IT IS THEREFORE ORDERED THAT:

Petitioner must file any reply brief responding to the return of writ filed by respondent on March 31, 2015 (*see* Doc. 25) or a written pleading requesting withdrawal of his petition for exhaustion purposes within **twenty-one (21) days** of the date of filing of this Order and Report and Recommendation. If petitioner does not submit a reply brief or request that the petition be withdrawn as ordered herein, the Court will proceed to adjudicate petitioner's exhausted grounds for relief that are based on the state-court record in light of respondent's return of writ.

Date: 5/7/15

Karen L. Litkovitz
United States Magistrate Judge

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STANLEY K. IVEY,
    Petitioner

vs

WARDEN, HOCKING
CORRECTIONAL FACILITY,
    Respondent

Case No. 1:13-cv-914

Black, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc