# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

STANLEY K. IVEY,

                    Petitioner,                :     Case No. 1:13-cv-914

   - vs -                                 District Judge Timothy S. Black
                                          Magistrate Judge Michael R. Merz

SHERRI DUFFEY, Warden,
 Hocking Correctional Facility,

                                  :
                    Respondent.

# REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought by Petitioner Stanley Ivey *pro se* pursuant to 28 U.S.C. § 2254. On Magistrate Judge Litkovitz's Order (ECF No. 7), the Respondent has filed a Return of Writ (ECF No. 25). Despite extensions of time to do so up to and including July 23, 2015, Petitioner has not filed a reply (Notation Order deciding ECF No. 29). The case is therefore ripe for decision.

The Petition pleads that Ivey was convicted on his plea of guilty to inducing panic and involuntary manslaughter in the Hamilton County Common Pleas Court on October 31, 2011, and sentenced to eight years imprisonment (Petition, ECF No. 1, PageID 1). Ivey pleads the following grounds for relief:

> **GROUND ONE:** Due to a disease, which the Court was acutely aware of, I was rendered involuntarily incapable of operating the automobile I was driving. The Court imposed a 8 year, potential death sentence, after it was clearly stated on the record of trial "if he does not have a transplant in 5 years, it may result in his death."

1

The Ohio Department of Rehabilitation and Correction has stated a liver transplant is to [sic] expensive to perform on me. I am a 100% disabled veteran and entitled to receive a transplant at any capable Veterans hospital. The loss of control resulted in a accident, which unfortunately took the life of a Mr. James Lester. It was a [sic]accident, like thousands of others, precipitated by a medical condition called hepatic encephalopathy. I am a first time offended [sic] who was legally operating the vehicle, and was not under the influence of alcohol or illegal drugs.  Because of sensational media publicity and remorseful addresses by Mr. Lester's family members, the Court imposed cruel and unusual punishment on me.

**GROUND TWO:** A initial bail of $50,000.00 was imposed by the Court. Afterwards another bail in the amount of $50,000.00 was imposed. The second bail was excessive and there was never a violation of the bail by the defendant.

**GROUND THREE:** My attorney, Mr. Scott R. Croswell, III failed to file a motion for appointment of any medical experts regarding my medical condition. He also failed to inform me of the extensive media publicity and the negative impact, it and the statements of the victim's family members, would cause. Finally he failed in providing adequate legal advice concerning the terms agreed to in the plea bargain.

*Id.* at PageID 16.

**Procedural History**

Ivey was indicted on three counts:  inducing panic, involuntary manslaughter, and aggravated vehicular homicide.  He pled not guilty by reason of insanity and his counsel suggested he was incompetent to stand trial.  After examination by the Court Clinic Forensic Services, his counsel conceded there would not be a successful insanity defense and obtained agreement from the prosecutor to accept guilty pleas on inducing panic and involuntary

manslaughter in return for dismissing the aggravated vehicular homicide count. Ivey accepted that plea agreement and was sentenced to the eight-year term he is now serving.

On direct appeal, he raised the single assignment of error that the "trial court erred in sentencing the defendant contrary to law." The First District Court of Appeals affirmed and the Ohio Supreme Court declined to exercise jurisdiction over a subsequent appeal.

After Ivey filed his habeas corpus petition in this Court, the Warden moved to dismiss, asserting that Ground Three, ineffective assistance of trial counsel, was unexhausted to the extent it relies on evidence outside the record because Ivey had never filed a petition for post-conviction relief under Ohio Revised Code § 2953.21. As of November 12, 2014, Ivey had not responded to that Motion (Report, ECF No. 14, PageID 179). Nevertheless, Magistrate Judge Litkovitz recommended denying the Motion to Dismiss on the basis that Ivey might still have available an out-of-time petition for post-conviction relief under Ohio Revised Code § 2953.23. *Id.* at PageID 184-86. Judge Litkovitz warned Ivey

> that if he informs the Court that the ineffective-assistance-of-counsel claim alleged in Ground Three is based on evidence outside the record, but does not withdraw that claim, the instant petition will be subject to dismissal as a "mixed" petition and any subsequent habeas petition may be barred from review by the applicable one-year statute-of-limitations set forth in 28 U.S.C. § 2244(d)(l).

*Id*. at PageID 187.

Ivey's response was in the form of a Motion and Request for Evidentiary Hearing and Expert Medical Testimony (ECF No. 16) which he asserted would result in his exoneration and show that, but for ineffective assistance of trial counsel, a jury would not have convicted him (ECF No. 16, PageID 191). The State then renewed its motion to dismiss and Ivey sought a

3

ninety-day extension to "contact various hospitals and obtain medical records that will prove ineffective assistance of counsel."  (ECF No. 19, PageID 253.)  On March 20, 2015, Ivey moved the Court to stay and hold these proceedings in abeyance

> to permit the complete exhaustion of state remedies.  Petitioner is confident that the medical records and post-conviction proceedings will yield the evidentiary materials for this Court's adjudication. Petitioner will return to this Court upon completion of the state exhaustion and the acquisition of the medical records anticipated to be by November, 2015. The stay and abeyance will serve to provide the evidence that the trial counsel will ineffective and the event of a accident.

(Motion, ECF No. 24, PageID 283.)  On June 3, 2015, Ivey filed a Motion to Leave to Reply within ninety days to Judge Litkovitz's Order and Report and Recommendations of May 7, 2015 (ECF No. 29).  He reported that he had been critically ill from April 6, 2015, to May 22, 2015, and requested, "[i]t is imperative that this Court rule on the exhausted claims and permit his [sic] to return with any further exhausted claims without opposition pursuant to any statute of limitations." *Id.*  at PageID 320.

On June 8, 2015, Judge Black granted that Motion in part, providing that Ivey could file (1) objections to the then-pending Report and Recommendations, (2) a reply, or (3) a withdrawal of the petition for exhaustion purposed not later than July 23, 2015.  Ivey did none of these things, so Judge Black adopted the Report and denied Ivey's Motion for Stay and Abeyance (ECF No. 30).

# ANALYSIS

**Ground One:  Cruel and Unusual Punishment**

In his First Ground for Relief, Ivey asserts that, given the unique circumstances of the offense, imposition of an eight-year committed sentence constitutes cruel and unusual punishment.  He asserts that the death of James Lester resulted from Ivey's illness, hepatic encephalopathy, which rendered him involuntarily incapable of controlling his car.  He claims that the Ohio Department of Rehabilitation and Correction has advised him that it will not pay for a liver transplant while he is incarcerated.  Finally, he claims the sentence was improperly influenced by media publicity and victim impact statements by the decedent's family.

On delayed direct appeal to the First District Court of Appeals, Ivey, represented by new appellate counsel, pled one assignment of error:  "The trial court erred in sentencing the Defendant contrary to law." (Appellant's Brief, ECF No. 13-1, PageID 80.)  His argument mentions the Cruel and Unusual Punishment Clauses of both the Federal and Ohio Constitutions. *Id.*  However, in the body of the brief, he cited *State v. Kalish*, 120 Ohio St. 3d 23 (2008), as adopting the applicable standard for appellate review of a sentence. *Id.* at PageID 83.  The brief argues that the appropriate sentence is the statutory minimum because Ivey had no prior felony convictions.  *Id.* at PageID 84-85, citing *State v. Edmonson,* 86 Ohio St. 3d 324 (1999); *Apprendi v. New Jersey*, 530 U.S. 466 (2000); and *Blakely v. Washington*, 542 U.S. 296 (2004).

The inducing panic felony conviction was necessary to enhance the degree of the

homicide from vehicular homicide to involuntary manslaughter.  Ivey had admitted reckless

driving, a misdemeanor under Ohio law, so that the appropriate charge, his attorney argued, was

really vehicular homicide. *Id.*  at PageID 86.  But the facts relied on to show inducing panic – the

closing of Interstate 71 because of the collision – were not the result of Ivey's intentional act.

The First District Court of Appeals summarily affirmed the trial court.  It read *Kalish,*

*supra,* as the governing law, requiring

> First we must examine the sentencing court's court compliance
> with all applicable rules and statutes in imposing the sentence to
> determine whether the sentence is clearly and convincingly
> contrary to law. Kalish at '1114. If this first prong is satisfied, then
> the trial court's decision in imposing the term of imprisonment is
> reviewed under the abuse of discretion standard. Kalish at '1117.

*State v. Ivey,* Case No. C-110868 (1st Dist. Jan. 16, 2013)(unreported, copy at ECF No. 13-1,

PageID 96-97).  Applying *Kalish*, it summarily held:

> Our review of the record shows that the sentences were not
> contrary to law, nor were they so arbitrary, unreasonable or
> unconscionable as to connote an abuse of discretion. See *State v.*
> *Adams,* 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). Therefore,
> the trial court did not err in imposing them, and we overrule Ivey's
> sole assignment of error.

*Id.*  at PageID 97.

When a state court decides on the merits a federal constitutional claim later presented to a

federal habeas court, the federal court must defer to the state court decision unless that decision

is contrary to or an objectively unreasonable application of clearly established precedent of the

United States Supreme Court.  28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86, 131

S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685,

6

693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).  Because Ivey presented a cruel and unusual punishment claim to the Ohio courts, this Court applies a deferential standard of review.

A sentence imposed within the statutory maximum set by statute generally does not constitute "cruel and unusual punishment" within the meaning of the Eighth Amendment. *Austin v. Jackson,* 213 F.3d 298, 302 (6th Cir. 2000). The Eighth Amendment does not require an individualized determination that the sentence is "appropriate" in a noncapital case based on the weighing of evidence presented in mitigation and aggravation. *Harmelin v. Michigan,* 501 U.S. 957, 995-996 (1991). At most, the Eighth Amendment "encompasses a narrow proportionality principle," that applies to terms of imprisonment, see *Harmelin*, 501 U.S. at 965, 997, by forbidding "only extreme sentences that are 'grossly disproportionate' to the crime," applicable in "exceedingly rare" cases. *Id*. at 1001, quoting *Solem v. Helm,* 463 U.S. 277, 288 (1983); see *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003). A determination of whether a sentence is "grossly disproportionate" to a defendant's crime begins with a comparison of the gravity of the offense and the severity of the sentence. *Graham v. Florida*, 560 U.S. 48, 60 (2010).

The information placed before the First District on direct appeal does not provide sufficient data to complete the analysis the Supreme Court followed in *Graham*.  It does not compare the sentence in this homicide case with other sentences actually imposed for similar crimes.  Nor did it cite any Supreme Court precedent at all, much less cases with which this one might be compared.  The Supreme Court has, however, upheld lengthy sentences for crimes which were completely nonviolent.  For example, it has upheld a life sentence for obtaining money under false pretenses when it was a third nonviolent felony, *Rummel v. Estelle*, 445 U.S. 263 (1980), and a sentence of 40 years for possession of marijuana with intent to distribute and

distribution of marijuana, *Hutto v. Davis,* 454 U.S. 370 (1982) (per curiam).  While the *mens rea* of the offenders in those two cases was more reprehensible than Ivey's recklessness, no one died as a result of their crimes.

In this case Ivey was sentenced within the range allowed by law for the offenses of conviction.  The trial judge explained his reason for choosing the sentence he did, which was not outside any state sentencing guidelines and was not the maximum allowed by law for this offense.  Given those circumstances, this Court cannot say that the state court decision was contrary to or an objectively unreasonable application of Supreme Court precedent.  Ground One should be denied.

In making this determination, the Court finds that the declination of the Ohio Department of Rehabilitation and Correction to pay for a liver transplant cannot be taken into account.  That fact would not have been known to the trial judge at the time of sentencing and this Court is unaware of any case in which the Supreme Court has held the Cruel and Unusual Punishment Clause is to be applied by considering facts that arise after the sentence is imposed.


**Ground Two:  Excessive Bail**


In his Second Ground for Relief, Ivey complains that he was subject to excessive bail. While the Eighth Amendment prohibits excessive bail, habeas corpus relief is only available to attack judgments upon which a person is presently in custody.  Ivey's commitment for failure to post bail terminated when the trial court imposed sentence.  The Second Ground for Relief is therefore moot and should be dismissed on that basis.

**Ground Three:   Ineffective Assistance of Trial Counsel**

In his Third Ground for Relief, Ivey complains that he received ineffective assistance of trial counsel in that his trial attorney (1) failed to file a motion for appointment of any medical experts regarding my medical condition (2) failed to inform Ivey of the extensive media publicity and the negative impact, it and the statements of the victim's family members, would cause and (3) failed in providing adequate legal advice concerning the terms agreed to in the plea bargain.

Ohio has a dual system for raising claims of ineffective assistance of trial counsel.  If the claim can be decided on the basis of the appellate record, the claim must be brought on direct appeal or it is forfeited and cannot be raised later.  *State v. Perry*, 10 Ohio St. 2d 175 (1967).  On the other hand, if it depends on evidence outside the record, it must be brought in a petition for post-conviction relief under Ohio Revised Code § 2953.21.

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.  In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing*

*Knowles v. Mirzayance,* 556 U.S. 111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168, 184 (1986), *citing Strickland, supra.*; *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), *citing Strickland, supra*; *Blackburn v. Foltz*, 828 F.2d 1177, 1180 (6th Cir. 1987), *quoting Strickland,* 466 U.S. at 687. "The likelihood of a different result must be substantial, not just conceivable." *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), *cert. denied,* ___ U.S. ___, 132 S.Ct. 1760 (2012), *quoting Harrington v. Richter*, 562 U.S. 86, ___, 131 S. Ct. 770, 792 (2011).

When Ivey's claims of ineffective assistance of trial counsel are measured against the *Strickland* standard, it is clear they would have had to be brought in post-conviction. While the record on appeal would have shown there was no motion for a medical expert, it would not have shown what the expert would have testified to and why that would have changed the outcome of

10

any trial.  Any conversation trial counsel had with Ivey that did or did not reflect advice about media publicity, victim impact statements, or the terms of the plea bargain is obviously not a part of the record because it would have occurred in conversations protected by attorney-client confidentiality.

Judges Litkovitz and Black denied motions to dismiss by Respondent in this case on the basis that Ivey might have a remedy for his ineffective assistance of trial counsel claims by filing a petition for post-conviction relief.  Despite repeated reminders of the need to do that and repeated requests by Ivey to stay this case to allow him to file such a petition, there is no record that he has ever done so.  At this point in time, it is extremely unlikely the state courts would find he had been diligent in pursuing his claims and therefore allow him to file an untimely petition under Ohio Revised Code § 2953.23.

This Court accordingly should treat the Third Ground for Relief as procedurally defaulted because it has never been presented to the state courts and Ivey has failed to do so despite this Court's suggestions.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth

Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

September 4, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).